IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22-79-GF-BMM |
| Plaintiff, | ORDER |
| vs. | |
| THOMAS IVAN REESE LARSON, | |
| Defendant. | |

The Court received the report of Dr. Elizabeth Christiaens, which is dated February 3, 2023. Dr. Christiaens concluded Larson is mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and to properly assist in his defense. 18 U.S.C. § 4241(d). The parties stipulate to these factual findings and conclusions.

The Court held a competency hearing on this matter on April 11, 2023. Based upon counsel's stipulation, the contents of Dr. Christiaens' report, and the Court's colloquy with Mr. Larson, a preponderance of the evidence supports the conclusion that Mr. Larson is presently suffering from a mental disease or defect rendering him mentally incompetent, such that he cannot understand the nature and consequences of the proceedings against him or properly assist in his defense.

Accordingly, IT IS ORDERED that Thomas Ivan Reese Larson participate in outpatient treatment in Poplar, Montana, for hospitalization and treatment to determine if there is a substantial probability that in the foreseeable future he will attain the capacity to permit this case to proceed. 18 U.S.C. § 4241(d). Mr. Larson is therefore ordered to participate in this treatment for a reasonable period of time, not to exceed four months. Dr. Christiaens, or another individual in Poplar, Montana, shall promptly notify the Court of the determination regarding the probability that Mr. Larson will regain capacity to proceed in the foreseeable future.

IT IS FURTHER ORDERED that the time pending a restoration determination is excluded from the speedy trial calculation. *See* 18 U.S.C. § 3161(h)(4).

Brian Morris, Chief Judge
U.S. District Court